J-S43002-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHYNA HARLEY | : | |
| | : | |
| Appellant | : | No. 3083 EDA 2024 |

Appeal from the Judgment of Sentence Entered October 24, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0001275-2024

BEFORE:  KUNSELMAN, J., McLAUGHLIN, J., and BENDER, P.J.E.

MEMORANDUM BY KUNSELMAN, J.: **FILED FEBRUARY 18, 2026**

Chyna Harley appeals from the judgment of sentence imposed after the trial court found her guilty of simple assault.[1]  She claims the evidence was insufficient to sustain her conviction.  Upon review, we affirm.

The trial court set forth the facts, based on testimony and video footage, as follows:

> On December 13, 2023, at approximately 10:00 a.m., Deputy Sheriff Alanguilan was on duty, in full uniform, outside of Family Court at 1501 Arch Street in the City and County of Philadelphia. While on patrol, Deputy Sheriff  Alanguilan observed a number of cars parked in front of Broad Street.  Deputy Sheriff Alanguilan approached a white Chevy to instruct the driver to move the vehicle and park on Arch Street.  [Harley] exited the front passenger seat of the Chevy.
>
> Immediately thereafter, a black male, later identified as [] Robinson, exited the back passenger side of the Chevy.  [] Robinson cursed at Deputy Sheriff Alanguilan, threw a water bottle

---

[1] 18 Pa.C.S.A. § 2701(a)(1).

into the middle of the street, and walked toward the entrance of the courthouse. Deputy Sheriff Alanguilan followed and approached [] Robinson to give [him] a citation for littering. As [Harley] walked inside the courthouse, [] Robinson stopped in front of the door and turned toward Deputy Sheriff Alanguilan.

While the Deputy Sheriff spoke to [] Robinson, [Harley] walked back out of the courthouse. [Harley] approached Deputy Sheriff Alanguilan and immediately shoved him with her left hand, causing the Deputy Sheriff to take a step back. [] Robinson stepped forward and shoved Deputy Sheriff Alanguilan with two hands. Deputy Sheriff Alanguilan's partner then approached to provide assistance.

[] Robinson continued to engage in a physical altercation with Deputy Sheriff Alanguilan by grabbing, pushing, and striking him, which resulted in the Deputy Sheriff falling to the floor beside the glass door.

Deputy Sheriff Alanguilan's partner attempted to separate them, and [Harley] tried to pull officers off of [] Robinson. During the altercation, multiple individuals approached in an effort to break up the fight and additional officers came onto the scene. [Harley] was pushed away by an officer and stepped back from the group.

[Harley again] attempted to re-engage in the altercation but was blocked from doing so. In response, [Harley] continued to push her body forward and raised her arm to block the restraint.

Following this interaction, [Harley] walked away momentarily, removed her jacket, and dropped her purse on the ground before forcefully attempting to push her way back into the fray. [Harley] used her body to press forward against those restraining her in an effort to break through. [Harley] was intercepted and pinned against the front of the courthouse by three individuals. After breaking free, [Harley] aggressively pushed against these individuals but was walked back to the other side of the sidewalk. [Harley] again attempted to re-engage and additional officers approached and intervened.

An officer attempted to place [Harley] in handcuffs. In response, she walked backward and swung her right arm in resistance before Deputy Sheriff Alanguilan successfully secured [Harley] in handcuffs.

Trial Court Opinion, 3/24/25, at 2-4 (citations omitted). Harley was charged with multiple offenses.

Following a bench trial, the court found Harley guilty of simple assault; the court acquitted her of aggravated assault, conspiracy, and reckless endangerment of another person. The court sentenced Harley to two years' reporting probation.

Harley filed this timely appeal. She and the trial court complied with Appellate Rule 1925.

In her sole issue on appeal, Harley challenges the sufficiency of the evidence to sustain her conviction for simple assault. Specifically, Harley argues that the evidence was insufficient to establish that she attempted to cause bodily injury to the deputy. Harley maintains that she just pushed the deputy which is more akin to harassment; not all physical contact amounts to an assault. Harley further maintains that the trial court speculated as to the intent behind her actions and returning to the conflict. Therefore, according to Harley, this Court should reverse her conviction and vacate her sentence. Harley's Brief at 4-5.

We disagree.

When reviewing a sufficiency of the evidence claim, this Court:

> must determine whether the evidence admitted at trial, as well as all reasonable inferences drawn therefrom, when viewed in the light most favorable to the verdict winner, are sufficient to support all elements of the offense. Additionally, we may not reweigh the evidence or substitute our own judgment for that of the fact finder. The evidence may be entirely circumstantial as long as it links the accused to the crime beyond a reasonable doubt.

*Commonwealth v. Koch*, 39 A.3d 996, 1001 (Pa. Super. 2011) (citations omitted).  However, "the inferences must flow from facts and circumstances proven in the record and must be of such volume and quality as to overcome the presumption of innocence and satisfy the jury of an accused's guilt beyond a reasonable doubt."  *Commonwealth v. Scott*, 597 A.2d 1220, 1221 (Pa. Super. 1991).  "The trier of fact cannot base a conviction on conjecture and speculation and a verdict which is premised on suspicion will fail even under the limited scrutiny of appellate review."  *Id.*  "Because evidentiary sufficiency is a question of law, our standard of review is *de novo* and our scope of review is plenary."  *Commonwealth v. Diamond*, 83 A.3d 119, 126 (Pa. 2013).

Here, viewing the evidence in the light most favorable to the Commonwealth as verdict winner, we conclude that the evidence was sufficient to establish that Harley attempted to cause bodily injury to Deputy Alanguilan and sustain her conviction for simple assault.  The trial court aptly discussed the relevant law and evidence to support this conclusion:

> [T]o sustain its burden of proof for a simple assault, the Commonwealth must show that [Harley] "attempt[ed] to cause or intentionally, knowingly or recklessly cause[d] bodily injury to another[.]"  18 Pa. C.S. § 2701(a)(1). "Bodily injury" is defined as "[i]mpairment of physical condition or substantial pain." 18 Pa. C.S. § 2301.  The Commonwealth need not establish that the victim actually suffered bodily injury; rather, it is sufficient to support a conviction if the Commonwealth establishes an attempt to inflict bodily injury. This intent may be shown by circumstances which reasonably suggest that a defendant intended to cause injury. *Commonwealth v. Richardson*, 636 A.2d at 1195, 1196 (Pa. Super. 1994) (quoting

> ***Commonwealth v. Polston***, 616 A.2d 669 (Pa. Super.
> 1992)).

The ***Richardson*** Court explained further that:

> To show an attempt to inflict bodily injury, it must be shown
> that the actor had a specific intent to cause bodily injury. A
> person acts intentionally with respect to a material element
> of an offense if it is his conscious object to engage in conduct
> of that nature or to cause such a result. As noted above,
> this intent may be shown by circumstances which
> reasonably suggest that a defendant intended to cause
> bodily injury.

[***Id.***]

Here, there [was] sufficient direct and circumstantial evidence to
support the conviction for simple assault. [Harley] acted
intentionally in an attempt to cause bodily injury when she exited
the courthouse and immediately [shoved] Deputy Sheriff
Alanguilan. [Harley] pushed through individuals who were
restraining her, using her body to engage in the ongoing physical
altercation between the Deputy Sheriff and [] Robinson. [Harley]
removed her jacket and dropped her purse on the ground before
forcefully attempting to push her way back into the skirmish.

[Harley's] actions, which included shoving Deputy Sheriff
Alanguilan, and pushing others to re-assert herself in the ongoing
clash, demonstrate[d] her conscious object to engage in conduct
capable of causing bodily injury. Given all of these circumstances,
there was sufficient direct and circumstantial evidence to support
[Harley's] conviction [for] simple assault.

Trial Court Opinion, 3/24/25, at 5-6.

As the trial court recognized, Harley's actions went beyond just shoving
Deputy Alanguilan. The video shows that Harley repeatedly attempted to
insert herself into the conflict between Robinson and Deputy Alanguilan
multiple times and used force to do so. And, she did this even though others
endeavored to restrain her. Harley was aggressive. Based on Harley's

- 5 -

behavior, the trial court, as the fact-finder, could reasonably infer that she attempted to cause bodily injury to the deputy.

Moreover, the cases which Harley relies on do not convince us otherwise. Harley first cites **Commonwealth v. Jackson**, 339 A.3d 402 (Pa. Super. 2025) (unpublished memorandum), *appeal granted*, 2025 WL 2936127 (Pa. 2025), in support of her argument that there had to be "more" for the trial court to convict her of simple assault. In **Jackson**, two utility revenue officers went onto the defendant's property to check for illegal utility use. The defendant yelled at them to get off his property and was aggressive. In confronting the agents, the defendant used his cane to try to strike one of the agents, but the other agent interceded. The defendant then raised his cane over his head to strike that agent in the head, but the agent blocked it with his elbow, causing a bruise. A struggle ensued during which the defendant made threats of physical harm, scratched one agent, and elbowed the other in his eye causing it to swell. The trial court found the defendant guilty of several offenses including simple assault. **Id.** at 1, 2.

On appeal, the defendant challenged the sufficiency of the evidence to sustain this conviction. This Court concluded that the evidence sufficiently established that the defendant had the requisite intent and acted intentionally to cause bodily injury to the agents for the court to convict him of simple assault. **Id.** at 4.

Although **Jackson** involved direct evidence to support the conviction for simple assault, and the intent was more apparent, as discussed above, intent

is not always easily ascertained; it is often determined from the circumstances surrounding an incident. The circumstantial evidence presented here, and the reasonable inferences which the trial court could draw therefrom, were sufficient for the trial court to ascertain Harley's intent and find her guilty of simple assault. Nothing "more" which **Jackson** exemplifies according to Harley, was necessary here.

Harley next cites **Commonwealth v. Bennett**, 827 A.2d 469 (Pa. Super. 2003), for the proposition that her conduct was more like harassment than simple assault. In **Bennett**, sheriff deputies approached the defendant, who had walked out of a bar with an open bottle of beer and asked him for identification. The defendant did not respond but pushed one of the deputies and attempted to leave. The deputies arrested the defendant based on this conduct, and, upon searching him, found baggies of cocaine. The defendant was charged with multiple offenses and found guilty of possession with intent to deliver. **Id.** at 473-74.

On appeal, the defendant challenged, in part, the deputies' authority to initially stop him and then arrest him. This Court agreed with the trial court that the deputies were authorized to arrest him for harassment, as a breach of the peace. The facts showed that the defendant intended to harass, annoy, or alarm the deputy by purposefully shoving him. Thus, there was probable cause to arrest him for harassment. **Id.** 479-80.

Harley's reliance on this case is misplaced. First, **Bennett** did not involve a sufficiency of the evidence claim. Instead, that case focused on whether the deputies had authority to stop and then arrest the defendant.[2]

More importantly, Harley's actions in this case were much different than those in **Bennett**. Harley did more than just shove Deputy Alanguilan and attempt to leave. Instead of walking away from the incident, Harley repeatedly sought to reinsert herself into the conflict and continue the attack on Deputy Alanguilan. Those actions were telling of her intent to cause bodily harm to him. Therefore, the evidence was sufficient to establish the elements of simple assault.

Harley's sole issue fails.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 2/18/2026

_____

[2] We observe that Harley's counsel acknowledges this in the appellate brief.